UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VERNON C. BROWN, JR.,

    Petitioner,

  v.

TIM VARGAS, warden,

    Respondent.
                               /

No. C 12-2145 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      Vernon C. Brown, Jr., a prisoner at the California State Prison - Sacramento, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

      The petition for writ of habeas corpus filed by Brown has almost no useable information in it. He wrote "N/A" in response to numerous questions on the form petition in places where he clearly must provide the information for the court to understand his petition. For example, he wrote "N/A" in response to the request for the name and location of the court that imposed his sentence, and wrote "N/A" in response to the request to list his claims for relief. *See* Docket # 1, pp. 2, 6. He also attached a two-page attachment to the petition that has numerous citations without explanation, and some incomprehensible text. *Id.* at 8-9.

      Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." *See also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). Here, the petition does not specify all the grounds for relief or describe the facts supporting each ground. As a result,

the court cannot determine what conviction the petitioner is challenging, whether he has filed in the proper venue, and whether he has any grounds for relief that the court can entertain. That same lack of information means that the petition would not give respondent fair notice of Brown's claims, such that he could prepare a meaningful response.

Brown must file an amended petition in which he states every claim for federal habeas relief he wants this court to consider and describe the facts that support each claim. He should note that this court can only consider claims for violations of a habeas petitioner's rights under the constitution, laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), and cannot consider claims for violations of state law. The amended petition also must identify the court in which he was convicted, the year of his conviction, the length of the sentence imposed, and any state court appeal or habeas petition he filed.

In preparing his amended petition, Brown also should bear in mind that this court cannot consider a claim unless state court remedies have been exhausted for that claim. The exhaustion requirement means that he must present each and every claim to the California Supreme Court in a petition for review or in a habeas petition to give that court a fair opportunity to rule on the merits of it before this court can consider the claim.

For the foregoing reasons, the petition is dismissed with leave to file an amended petition no later than **June 8, 2012**. The amended petition should have this case caption and case number on the first page and should be clearly marked "Amended Petition." Failure to file the amended petition by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: May 2, 2012

                                                    SUSAN ILLSTON
                                                   United States District Judge